UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
DARRIN PARKER,                          :
                                        :
     Plaintiff,                         :
                                        :
     v.                                 :     CASE NO. 3:24-cv-00184(VAB)
                                        :
JOHN D. BOWDREN,                        :
                                        :
     Defendant.                         :
```

<u>RECOMMENDED RULING</u>

Plaintiff, Darrin Parker, brings this action against John D. Bowdren alleging claims for legal malpractice, breach of fiduciary duty, violation of the Sixth Amendment, violation of the Fourteenth Amendment, breach of contract, intentional infliction of emotional distress, and negligence. Pending before the court is plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. (Dkt. #2.) Based on the financial information submitted by plaintiff, the undersigned recommends that the motion to proceed *in forma pauperis* be DENIED. Mr. Parker and his spouse are employed and earn a monthly salary sufficient to exceed their monthly expenditures as outlined in the financial affidavit accompanying the motion to proceed *in forma pauperis*.[1] (Dkt. # 2 at 3-6.)  Plaintiff did

---

[1] Plaintiff alleges a combined monthly income of $4,600 a month is shared between he and his spouse.  Plaintiff further indicated a monthly obligation amount totaling $2,400 and noted $500 in combined support for minor children.  (Dkt. #2 at 4-6.)  Taking all these

note an unanticipated expenditure due to vehicle issues at the time of filing in February of 2024.  However, there was no monetary amount listed and it references money was used to pay for a rental car.  Presumably, a rental car is a temporary expense related to the alleged vehicle damage issues and is not a recurring monthly expense.  Furthermore, the undersigned recommends that the action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

I.   Legal Standard

28 U.S.C. §1915 governs the court's provision of *in forma pauperis* status.  Section 1915 also allows the court to review and dismiss the underlying action, if necessary. Under subsection (e) a court "shall dismiss the case at any time if the court determines that. . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B); *Neitzke v. Williams*, 480 U.S. 319, 325 (1989).

Under 1915(e), an action is frivolous, "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Nietzke*, 490 U.S. at

---

allegations as true, plaintiff has an additional $1,700 per month in income over and above his listed expenses.

327). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Nietzke*, 480 U.S. at 325. An action fails to state a claim to relief if it lacks

> sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . The plausibility standard is not akin to the probability that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe *pro se* complaints liberally." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000) (citations and internal quotation makers omitted). Therefore, *pro se* complaints "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation internal quotation marks omitted). "In evaluating [a plaintiff's] complaint, [the court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." *Cruz v. Gomez*, 202 F.3d 593, 596-97 (2d Cir. 2000).

II. <u>Discussion</u>

Plaintiff's complaint asserts several claims against defendant.  The only claims that would give rise to federal question jurisdiction relate to plaintiff's assertion that the defendant violated his constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution. Specifically, plaintiff alleges that his attorney in a previous case, John D. Bowdren, provided negligent services amounting to legal malpractice, breach of fiduciary duty, and breach of contract. Plaintiff alleges that the defendant deviated from the standard of care by failing to file a motion for bond reduction, failing to file a motion for discovery, and coercing the plaintiff into accepting a plea deal under duress. Plaintiff alleges that these actions have resulted in wrongful legal outcomes, violations of his constitutional rights, and emotional distress. Plaintiff asks the court to issue a declaratory judgment and grant damages for mental distress.

Plaintiff asserts that defendant's inaction amounts to a Sixth Amendment violation of plaintiff's right to effective assistance of counsel. The Sixth Amendment of the U.S. Constitution states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the

>    nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI.

Plaintiff also asserts a Fourteenth Amendment due process claim against Attorney Bowdren. Presumably, as plaintiff is asserting violations of his constitutional rights, he is asserting this claim under 42 U.S.C. §1983.[2] To bring an action pursuant to 42 U.S.C. §1983, a plaintiff must allege: "(1) that the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges, or immunities secured by the Constitution or the law of the United States.'" *Milan v. Wertheimer*, 808 F. 3d 961, 964(2d Cir. 2015) (quoting *Hayut v. State Univ. Of N.Y.*, 352 F.3d 733, 743-44 (2d Cir. 2003)). The United States Supreme Court has stated:

>    To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citations omitted).

---

[2] There is no indication of any federal activity or actors in the underlying criminal litigation.

All of Plaintiff's constitutional claims, including the claims of ineffective assistance of counsel and due process, are based on the actions of a private attorney in a state court criminal proceeding. Plaintiff hired Attorney Bowdren to defend him in the state court criminal action. In the context of the Sixth Amendment, "[i]t is well established that a court-appointed attorney performing a lawyer's traditional function as counsel in representing a party is not considered a state actor under section 1983." *Jimenez v. Davis*, No. 3:24-CV-00260 (SVN), 2024 WL 1603680, at *3 (D. Conn. April 12, 2024.)  Nor would a public defender or private attorney, as is the case here, be subject to liability under 42 U.S.C. §1983.  *Id.*

Likewise, such a private actor is not a state actor liable under the Fourteenth Amendment's due process protections. *See*, *Errato v. Seder*, 3:22-cv-793 (SVN), 2023 WL2743284, at *4 (D. Conn. March 31, 2023)("[I]t is well established that private attorneys performing a lawyer's traditional functions are not state actors for the purposes of section 1983 claims."). Plaintiff has failed to assert or plead facts to establish that defendant is a state actor for purposes of §1983. Therefore, to the extent that the plaintiff is attempting to bring a claim against the defendant for a violation of the Sixth or Fourteenth Amendment, the undersigned recommends that the claims be dismissed with prejudice.

The remaining allegations in plaintiff's complaint are state law claims.[3] "A federal district court may exercise supplemental jurisdiction over state law claims that 'form part of the same case or controversy' as other claims over which the court has original jurisdiction." *"Q"-Lungian Enterprises, Inc. v. Town of Windsor Locks*, No. 3:13-CV-01285 (JAM), 2018 WL 301283, at *1 (D. Conn. Jan. 5, 2018)(quoting 28 U.S.C. § 1367(a)). As the Court has recommended that the Constitutional claims be dismissed, the undersigned further recommends that the Court refrain from exercising supplemental jurisdiction over the remaining state law claims. It is well established that "[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, (2009); *see also* 28 U.S.C. § 1367(c) (stating "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

The Supreme Court has stated, "Certainly, if the federal claims are dismissed before trial, even though not insubstantial

---

[3] Plaintiff alleges that defendant committed legal malpractice, breached his fiduciary duty, breached a contract, intentionally inflicted emotional distress, and was negligent. All of these claims are state law claims.

in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, the undersigned recommends that this Court decline to exercise supplemental jurisdiction over the state claims as the federal claims are recommended to be dismissed.

III. Conclusion

For these reasons, the undersigned recommends that plaintiff's Complaint be dismissed with prejudice.

Any party may seek the district court's review of this recommendation. *See* 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges; *Thomas v. Arn*, 474 U.S. 140, 155 (1985). Under Local Rule 72.2(a) "[a]ny party receiving notice of an order or recommended ruling from the Clerk by mail shall have five 950 additional days to file an objection." Failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling. *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Dated this August 21st, 2024, at Hartford Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge