UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRIN PARKER,
    *Plaintiff*,

v.

JOHN D. BOWDREN,
    *Defendant.*

No. 3:24-cv-00184 (VAB)

**ORDER ADOPTING RECOMMENDED RULING**

On February 9, 2024, Darrin Parker ("Plaintiff") filed a Complaint against John Bowdren ("Defendant") alleging, legal malpractice, breach of fiduciary duty, violations of the Sixth and Fourteenth Amendments, breach of contract, intentional infliction of emotional distress, and negligence. Compl., ECF No. 1 (Feb. 9, 2024) ("Compl."). Concurrently, Mr. Parker moved to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2 (Feb. 9, 2024).

On April 18, 2024, Mr. Bowdren filed a motion to dismiss. Mot. to Dismiss, ECF No. 12 (Apr. 18, 2024). Mr. Parker filed a memorandum in opposition to the motion to dismiss on May 6, 2024. Plaintiff's Opp. to Defendant's Mot. to Dismiss, ECF No. 13 (May 6, 2024).

On June 6, 2024 the case was referred to Magistrate Judge Robert A. Richardson for ruling on the motion to proceed *in forma pauperis*. Order Referring Case, ECF No. 16 (June 12, 2024).

Magistrate Judge Richardson issued a Recommended Ruling recommending denial of Plaintiff's motion to proceed *in forma pauperis* and dismissal of Plaintiff's Complaint. Recommended Ruling, ECF No. 17 (Aug. 21, 2024) ("Recommended Ruling").

On August 23, 2024, Mr. Parker filed another copy of his memorandum in opposition to Mr. Bowdren's motion to dismiss. Memo. in Opp. to Mot. to Dismiss, ECF No. 18 (Aug. 23, 2024) ("Memo in Opp.").

For the reasons below, Magistrate Judge Richardson's Report and Recommendation is **ADOPTED**.

The motion for leave to proceed in forma pauperis is **DENIED**. The Sixth and Fourteenth Amendment Claims are **DISMISSED with prejudice**. The state law claims are **DISMISSED without prejudice to refiling in state court**.

I.   STANDARD OF REVIEW

If a party objects to a recommended ruling by a magistrate judge, the Court must "determine de novo any part of the magistrate's disposition that has been properly objected to." Fed. R. Civ. Pro. 72(b)(3); *see also* D. Conn. Local Rule 72.2(b) ("In the event of such objection . . . the Judge ultimately responsible shall make a de novo determination of those portions of the proposed decision to which objection is made, and may accept, reject, or modify the recommended ruling in whole or in part."). Where a party fails to object after receiving clear notice of the consequences of not objecting, the Court may adopt the recommended ruling without *de novo* review unless clear error appears on the face of the record. *See Colvin v. Berryhill*, 734 2 F. App'x 756, 758 (2d Cir. 2018) ("Where, as here, a party receives clear notice of the consequences of not objecting to a Report and Recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error . . . .").

## II.    DISCUSSION

Rather than filing a clear objection to the Recommended Ruling, Mr. Parker refiled his response to Defendant's motion to dismiss. To the extent Mr. Parker has intended this filing to act as an objection to the Recommended Ruling,[1] he presents no compelling legal arguments against dismissal of his claims.

Mr. Parker argues that his constitutional claims against Mr. Bowdren, his former attorney, should not be dismissed because legal representation is "closely tied to the judicial process and thus can be subject to scrutiny under federal law." Memo in Opp. ¶ 11. He cites *Polk County v. Dodson*, 454 U.S. 312 (1981) for the proposition that attorneys have a "unique role . . . in the justice system." Memo in Opp. ¶ 11.

But, in *Polk,* the U.S. Supreme Court held that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk*, 454 U.S. at 325. A private attorney, likewise, does not act under color of state law when employed as criminal counsel. *See Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019) (finding dismissal of a Section 1983 claim appropriate when attorney was only "performing a lawyer's traditional functions as counsel" (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997)); *Srubrar v. Rudd, Rosenberg, Mitofsky & Hollender*, 875 F. Supp. 155, 163 (S.D.N.Y. 1994) ("Law firms and lawyers 'are clearly not state entities' for the purposes of a Section 1983 claim." (quoting *Peavey v. Polytechnic Inst. of New York*, 775 F. Supp. 75, 77 (E.D.N.Y. 1991))); *see also U.S. v. International Brotherhood of Teamsters,* 941 F.2d 1292,

---

[1] Generally, "merely referring the court to previously filed papers or arguments does not constitute an adequate objection under Fed. R. Civ. P. 72(b)." *Colvin*, 734 2. F. App'x at 758 (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)) (cleaned up). However, given the "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), afforded to *pro se* plaintiffs, the Court will consider Mr. Parker's filing as if it were an objection.

1296 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). Because Mr. Bowdren was allegedly Mr. Parker's private criminal defense attorney, he cannot be sued for violations of the Sixth and Fourteenth Amendments under Section 1983.

Accordingly, the Court adopts Magistrate Judge Richardson's recommendations to dismiss Mr. Parker's constitutional claims.

As to Mr. Parker's remaining state law claims, "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it had original jurisdiction[.]"). And, having decided that his constitutional claims must be dismissed, there is no reason for this Court to retain jurisdiction over state law claims more suitably addressed in a Connecticut state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see, e.g.*, *Traylor v. Hammond*, 94 F. Supp. 3d 203, 224 (D. Conn. 2015) (declining to exercise supplemental jurisdiction when "[a]ll of federal claims in the Amended Complaint ha[d] been dismissed"); *Zuro v. Town of Darien,* 432 F. Supp. 3d 118, 130 (D. Conn. 2020) ("Here, because all of the federal claims have been

4

dismissed early in the action, I decline to exercise supplemental jurisdiction over the remaining state law claims.").

Accordingly, the Court adopts the recommendation to decline to exercise supplemental jurisdiction over Mr. Parker's legal malpractice, breach of fiduciary duty, breach of contract, intentional infliction of emotional distress, and negligence claims.

## III.  CONCLUSION

Accordingly, Magistrate Judge Richardson's Report and Recommendation is **ADOPTED**. [2] The motion for leave to proceed *in forma pauperis* is **DENIED**. The Sixth and Fourteenth Amendment Claims are **DISMISSED with prejudice**. The state law claims are **DISMISSED without prejudice to refiling in state court**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 18th day of October, 2024.

                /s/ Victor A. Bolden
                Victor A. Bolden
                United States District Judge

---

[2] In adopting this ruling, the Court notes two minor corrections: the correct citation for *Neitzke v. Williams* on page two is 490 U.S. 319 (1989), rather than 480 U.S. 319 (1989); and, on page eight, rather than a party having "five 950 additional days" to file an object when receiving notice by mail, Local Rule 72.2(a) instead provides parties with "five (5) additional days."